IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,<br><br>Plaintiffs,<br><br>v.<br><br>LANZO HOLDING COMPANY, a Michigan corporation, LANZO CONSTRUCTION COMPANY, a Michigan corporation, LANZO CONSTRUCTION CO., FLORIDA, a Florida corporation, LANZO EQUIPMENT COMPANY, INC., a dissolved Michigan corporation and LANZO REALTY, INC., a dissolved Michigan corporation,<br><br>Defendants. | FILED: APRIL 1, 2008<br>08CV1852        TG<br>JUDGE LEFKOW<br>MAGISTRATE JUDGE NOLAN<br><br>Case No.:<br><br>Judge:<br><br>Magistrate Judge: |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee, for a cause of action against Defendants Lanzo Holding Company, Lanzo Construction Company, Lanzo Construction Company Florida, Lanzo Equipment Company, Inc., and Lanzo Realty, Inc., allege as follows:

### JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employer Retirement Income Security Act of 1974 ("ERISA") *as amended* by the Multiemployer Pension Plan Amendments Act of 1980,


29 U.S.C. § 1001 *et seq*. (1982). This Court has jurisdiction over this action under sections 502(e), 502(f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Pension Fund is administrated at its principal place of business in Rosemont, Illinois. Venue also lies in this Court pursuant to the forum selection clause of the Pension Fund Trust Agreement.

## PARTIES

4. Plaintiff Pension Fund is a multiemployer pension plan within the meaning of section 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3). Plaintiff Howard McDougall is a present trustee of the Pension Fund and he and his fellow trustees are the plan sponsors of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois, 60018.

5. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

6. Defendant Lanzo Holding Company ("Lanzo Holding") is a corporation organized under the laws of the State of Michigan.

7. Defendant Lanzo Construction Company ("Lanzo Construction") is a corporation organized under the laws of the State of Michigan.

8. Defendant Lanzo Construction Company Florida (Lanzo Construction Florida") is a corporation organized under the laws of the State of Florida.

9. Defendant Lanzo Equipment Company, Inc. ("Lanzo Equipment") is a dissolved corporation organized under the laws of the State of Michigan.

10. Defendant Lanzo Realty, Inc. ("Lanzo Realty") is a dissolved corporation organized under the laws of the State of Michigan.

## CLAIM FOR RELIEF

11. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 12 of this Complaint as though fully set forth herein.

12. During all relevant periods, Lanzo Construction was bound by collective bargaining agreements with certain local unions affiliated with the International Brotherhood of Teamsters pursuant to which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

13. During all relevant time periods, Lanzo Holding owned at least 80% of the total combined voting power of all classes of stock of Lanzo Construction entitled to vote and/or at least 80% of the total value of shares of all classes of stock of Lanzo Construction.

14. During all relevant time periods, Lanzo Holding owned at least 80% of the total combined voting power of all classes of stock of Lanzo Construction Florida entitled to vote and/or at least 80% of the total value of shares of all classes of stock of Lanzo Construction Florida.

15. During all relevant time periods, Lanzo Holding owned at least 80% of the total combined voting power of all classes of stock of Lanzo Equipment entitled to vote and/or at least 80% of the total value of shares of all classes of stock of Lanzo Equipment.

16.   During all relevant time periods, Lanzo Holding owned at least 80% of the total combined voting power of all classes of stock of Lanzo Realty entitled to vote and/or at least 80% of the total value of shares of all classes of stock of Lanzo Realty.

17.   Lanzo Holding, Lanzo Construction, Lanzo Construction Florida, Lanzo Equipment, Lanzo Realty, and all other trades or businesses under common control with them ("Lanzo Construction Controlled Group") constitute a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

18.   The Lanzo Construction Controlled Group is the employer for purposes of the determination of withdrawal liability under Title IV of ERISA.

19.   The Pension Fund determined that on or about December 27, 2003, the Lanzo Construction Controlled Group ceased to have an obligation to contribute to the Pension Fund or permanently ceased all covered operations, thereby effecting a "complete withdrawal," as defined in section 4203 of ERISA, 29 U.S.C. § 1383.

20.   As a result of this complete withdrawal, the Lanzo Construction Controlled Group incurred withdrawal liability to the Pension Fund in the amount of $339,061.10 as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

21.   On or about November 19, 2004, the Lanzo Construction Controlled Group, through its attorney Andrew T. Baran, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).  The notice and attached invoice notified the Lanzo Construction Controlled Group that it was required to discharge its liability in a lump sum or in 72 monthly payments beginning on January 1, 2005 of $5,700.20 with a final payment of $5,279.50.

22. The Lanzo Construction Controlled Group made monthly payments through December 1, 2007. The Lanzo Construction Controlled Group has failed to make any withdrawal liability payments to the Pension Fund since December 1, 2007.

23. On or about January 17, 2008, the Lanzo Construction Controlled Group, through Kevin Pawlowski, received a past due notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with section 4219(c)(5)(A) of ERISA, 29 U.S.C. §1399(c)(5)(A), notifying the Lanzo Construction Controlled Group that its withdrawal liability payments were past due, and which forewarned the Lanzo Construction Controlled Group that failure to remit payment within sixty days would constitute a default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

24. The Lanzo Construction Controlled Group did not timely initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

25. The Lanzo Construction Controlled Group failed to make the required withdrawal liability payments to the Pension Fund and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

**WHEREFORE**, Plaintiffs request the following relief:

(a)   A judgment against Lanzo Holding Company, Lanzo Construction Company, Lanzo Construction Company Florida, Lanzo Equipment Company, Inc., and Lanzo Realty, Inc., pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

(1)   $174,882.59 in withdrawal liability;

  (2) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the month for which interest is charged;

  (3) an amount equal to the greater of the interest on the withdrawal liability or liquidated damages of 20% of the withdrawal liability; and

  (4) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the month for which interest is charged, compounded annually; and

(c) For such or different relief as this Court may deem proper and just.

Respectfully submitted,

/s/ Rebecca K. McMahon
Rebecca K. McMahon
Attorney for Plaintiffs
Central States, Southeast and Southwest Areas
Pension Fund
9377 West Higgins Road
Rosemont, Illinois  60018-4938
847/518-9800, Ext. 3441
ARDC #06290192

April 1, 2008