IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, <br><br>　　　　Plaintiffs, <br><br>v. <br><br>LANZO HOLDING COMPANY, a Michigan corporation, LANZO CONSTRUCTION COMPANY, a Michigan corporation, LANZO CONSTRUCTION CO., FLORIDA, a Florida corporation, LANZO EQUIPMENT COMPANY, INC., a dissolved Michigan corporation and LANZO REALTY, INC., a dissolved Michigan corporation, <br><br>　　　　Defendants. | Case No.: 08CV1852 <br> Judge Joan H. Lefkow <br> Magistrate Judge Nolan |

## ANSWER TO COMPLAINT

Defendants, Lanzo Holding Company, Lanzo Construction Company, Lanzo Construction Co., Florida, Lanzo Equipment Company, Inc. and Lanzo Realty, Inc., (collectively "Lanzo") answer the Complaint as follows:

### JURISDICTION AND VENUE

1.　　Defendant Lanzo acknowledges the nature of Plaintiffs' action, but denies that it is liable for the amounts as stated by the Plaintiffs.

2.　　Defendant Lanzo admits the allegations in Paragraph 2.

3.　　Defendant Lanzo admits the allegations in Paragraph 3.

### PARTIES

4.　　Defendant Lanzo admits the allegations in Paragraph 4.

5.　　Defendant Lanzo admits the allegations in Paragraph 5.

6. Defendant Lanzo admits the allegations in Paragraph 6.

7. Defendant Lanzo admits the allegations in Paragraph 7.

8. Defendant Lanzo admits the allegations in Paragraph 8.

9. Defendant Lanzo admits the allegations in Paragraph 9.

10. Defendant Lanzo admits the allegations in Paragraph 10.

## **CLAIM FOR RELIEF**

11. Defendant Lanzo restates its answers to Paragraphs 1 through 10 above as its answer to this Paragraph, as if fully set forth herein.

12. Defendant Lanzo admits the allegations in Paragraph 12.

13. Defendant Lanzo admits that Lanzo Holding owns controlling interest in Lanzo Construction, an affiliated company.

14. Defendant Lanzo admits that Lanzo Holding owns controlling interest in Lanzo Construction Florida, an affiliated company.

15. Defendant Lanzo admits that Lanzo Holding owns controlling interest in Lanzo Equipment, an affiliated company.

16. Defendant Lanzo admits that Lanzo Holding owns controlling interest in Lanzo Realty, an affiliated company.

17. Defendant Lanzo admits only that the corporate entities identified in Paragraphs 7 through 10 above are affiliated companies of Lanzo Holding Company.

18. Defendant Lanzo admits the allegations in Paragraph 18 for purposes of this action only.

19. Defendant Lanzo admits that the Plaintiff Pension Fund made a claim for withdrawal liability. Defendant Lanzo lacks knowledge or information sufficient to form a belief as to the basis for the Plaintiff Pension Fund's determination of withdrawal liability.

20. Defendant Lanzo restates its answer to Paragraph 19 above. Defendant Lanzo admits that the principal amount of the withdrawal liability was $339,061.10. Defendant Lanzo denies the remaining allegations in this Paragraph.

21. Defendant Lanzo admits that pursuant to the claim of the Plaintiff Pension Fund for withdrawal liability, Defendant Lanzo began making monthly payments to the Plaintiff Pension Fund in the amount of $5,700.20 in or about January 2005. Defendant Lanzo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

22. Defendant Lanzo admits that it made monthly payments until approximately December 1, 2007. Answering further, Defendant Lanzo states that through clerical error certain monthly payments were not made, for a period of time. Answering further, Defendant Lanzo states that payment in the amount of $34,201.20 has been made to the Plaintiff Pension Fund, which represents the amount of the delinquent monthly payments.

23. Defendant Lanzo lacks knowledge or information sufficient to form a belief as to the truth of the allegation that a past due notice and demand for payment of withdrawal liability was sent to Defendant Lanzo on or about January 17, 2008. Defendant Lanzo denies that Kevin Pawlowski personally received the subject past due notice and demand for payment from the Plaintiff Pension Fund.

24. Defendant Lanzo admits that it did not initiate arbitration as alleged. Defendant Lanzo denies that it is liable for the amounts demanded by the Plaintiff Pension Fund.

25. Defendant Lanzo admits that it has made all required withdrawal liability payments to date. Defendant Lanzo denies the remaining allegations in this Paragraph.

**WHEREFORE,** Plaintiffs request the following relief:

(a) A judgment against Lanzo Holding Company, Lanzo Construction Company, Lanzo Construction Company Florida, Lanzo Equipment Company Inc., and Lanzo Realty, Inc., pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

(1) $174,882.59 in withdrawal liability;

(2) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the month for which interest is charged;

(3) an amount equal to the greater of the interest on the withdrawal liability or liquidated damages of 20% of the withdrawal liability; and

(4) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the month for which interest is charged, compounded annually; and

(c) For such or different relief as this Court may deem proper and just.

**ANSWER:** Defendant Lanzo denies that Plaintiffs are entitled to the relief requested in this Paragraph, or any of its subparts.

**WHEREFORE,** Defendants Lanzo Holding Company, Lanzo Construction Company, Lanzo Construction Co., Florida, Lanzo Equipment Company, Inc. and Lanzo Realty, Inc. respectfully request that the Plaintiffs' Complaint be dismissed in its entirety with prejudice.

Defendants
LANZO HOLDING COMPANY, LANZO CONSTRUCTION COMPANY, LANZO CONSTRUCTION CO., FLORIDA, LANZO EQUIPMENT COMPANY INC., and LANZO REALTY, INC.

s/Naomi F. Katz
Naomi F. Katz
Kenneth A. Jenero
HOLLAND & KNIGHT LLP
131 S. Dearborn St., 30th Floor
Chicago, IL  60603
Phone:     (312) 263-3600
Fax:         (312) 578-6666
E-mail:    naomi.katz@hklaw.com
               kenneth.jenero@hklaw.com

William Hooth
GIARMARCO, MULLINS &
  HORTON, P.C.
Tenth Floor Columbia Center
101 W. Big Beaver Road
Troy, MI  48084-5280
Phone:     (248) 457-7000
Fax:         (248) 457-7001
E-mail:    bhooth@gmhlaw.com

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2008, I electronically transmitted this **ANSWER TO COMPLAINT** to the Clerk of the Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Rebecca K. McMahon
>Central States, Southeast and Southwest Areas
>Pension Fund
>9377 West Higgins Rd.
>Rosemont, IL  60018-4938
>847-518-9800, Ext. 3441
>ARDC #06290192
>**Attorney for Plaintiff**

>s/Naomi F. Katz
>Naomi F. Katz
>Kenneth A. Jenero
>HOLLAND & KNIGHT LLP
>131 S. Dearborn St., 30th Floor
>Chicago, IL  60603
>Phone:     (312) 263-3600
>Fax:          (312) 578-6666
>E-mail:     naomi.katz@hklaw.com
>                 kenneth.jenero@hklaw.com

# 5440420_v1